# 21CV000107 REO, BRYAN ANTHONY vs . NATIONAL GAS & ELECTRIC LLC et al JPO

- Case Type:
- (CV) CIVIL
- Case Status:
- Open
- File Date:
- 01/27/2021
- DCM Track:
- 
- Action:
- CIVIL
- Status Date:
- 01/27/2021
- Case Judge:
- O'DONNELL, JOHN P.
- Next Event:

All Information   Party   Docket

## Docket Information

| Date | Docket Text |
|---|---|
| 01/27/2021 | Initial civil action deposit. |
| 01/27/2021 | Complaint, case designation sheet, pre-trial order, filed. |
| 01/28/2021 | Clerk fees copies for service |
| 01/28/2021 | Issue Date: 01/28/2021<br>Service: Summons and all pleadings listed - FedEx<br>Method: FEDEX<br><br>NATIONAL GAS & ELECTRIC LLC<br>12140 WICKHESTER LANE<br>SUITE 100<br>HOUSTON, TX   77079<br>Tracking No: 783113145599<br><br>BALTIMORE GAS AND ELECTRIS COMPANY<br>2 CENTER PLAZA<br>110 WEST FAYETTE STREET<br>BALTIMORE, MD   21201<br>Tracking No: 783113148039 |
| 02/01/2021 | FEDEX SERVICE DELIVERED<br>Method    : FEDEX<br>Issued    : 01/28/2021<br>Service   : Summons and all pleadings listed - FedEx<br>Served    : 02/01/2021<br>Return    : 02/01/2021<br>On        : NATIONAL GAS & ELECTRIC LLC<br>Signed By : K.BOLDEN<br><br>Reason    : FedEx Delivered<br>Comment   : 02/01/2021 9:48 am: Delivered<br><br>Tracking #: 783113145599 |

**EXHIBIT A**

| Date | Docket Text |
|---|---|
| 02/01/2021 | FEDEX SERVICE DELIVERED<br>Method : FEDEX<br>Issued : 01/28/2021<br>Service : Summons and all pleadings listed - FedEx<br>Served : 02/01/2021<br>Return : 02/01/2021<br>On : BALTIMORE GAS AND ELECTRIS COMPANY<br>Signed By : P.JENKINS<br><br>Reason : FedEx Delivered<br>Comment : 02/01/2021 11:06 am: Delivered<br><br>Tracking #: 783113148039 |
| 02/15/2021 | Plaintiffs Notice of Voluntary Dismissal without prejudice as to defednant National Gas and Electric LLC, certificate of service<br>Attorney: REO, BRYAN ANTHONY (0097470) |

STATE OF OHIO
IN THE COURT OF COMMON PLEAS OF LAKE COUNTY
CIVIL DIVISION

| | |
|---|---|
| **BRYAN ANTHONY REO**<br>PO BOX 5100<br>Mentor, OH 44061<br><br>          Plaintiff,<br>  v.<br><br>**NATIONAL GAS & ELECTRIC, LLC**<br>12140 Wickhester Ln<br>Suite 100<br>Houston, TX 77079<br><br>          Defendant<br><br>**Baltimore Gas and Electric Company**<br>2 Center Plaza<br>110 West Fayette Street<br>Baltimore, MD 21201<br><br>          Defendant | Case No.<br><br>FILED VIA EMAIL<br>DATE 1/27/2021   TIME 11:47 AM<br>FAITH ANDREWS, CLERK OF COURTS<br><br>21CV000107<br>**JOHN P. O'DONNELL** |

**REO LAW, LLC**
By: Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(P): (440) 313-5893
(E): Reo@ReoLaw.org
*Attorney and Plaintiff Pro Se*

**PLAINTIFF'S COMPLAINT**
**(JURY DEMAND ENDORSED HEREON)**

NOW COMES Bryan Anthony Reo (Plaintiff), Pro Se, and hereby propounds upon National Gas and Electric, LLC ("NGE") and Baltimore Gas and Electric Company ("BGE") (hereinafter collectively referred to as "Defendants") and this Honorable Court Plaintiffs' Complaint.

### I. INTRODUCTION

1

1. Plaintiff sues Defendants for statutory violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), the Consumer Sales Practices Act, R.C. §§ 1345.01 *et seq.* ("CSPA"), and the Telephone Solicitation Sales Act, R.C. §§ 4719.01 *et seq.* ("TSSA"), Civil Action for Damages for Criminal Act R.C. § 2307.60 [underlying crime of telecommunications harassment per R.C. § 2917.21], private nuisance per se, trespass to chattels, and injunctive relief.

## II. PARTIES

2. Plaintiff is an adult natural person who is domiciled in Lake County, State of Ohio.

3. Defendant NGE is an LLC existing by and through the laws of the State of Texas, with a headquarters in Texas, conducting extensive business and maintaining an extensive presence, including the maintenance of a registered agent in the state of Ohio. Defendant uses telecommunications-based methods to harass Ohio residents into switching energy suppliers for natural gas and electric. Defendant NGE is incorporated in Ohio.

4. Defendant BGE is a for-profit corporation existing by and through the laws of the State of Maryland, with a headquarters in Maryland, conducting extensive business and maintaining an extensive presence, including the maintenance of a registered agent in the state of Ohio. Defendant uses telecommunications-based methods to harass Ohio residents into switching energy suppliers for natural gas and electric. Defendant BGE is incorporated in Ohio.

## III. JURISDICTION AND VENUE

5. This Court enjoys subject matter jurisdiction over the instant civil action because the amount in controversy exceeds five hundred dollars ($500.00) and involves a claim for violations of 47 U.S.C. § 227, R.C. § 1345.01 and R.C. § 2305.01.

6. This Court enjoys personal jurisdiction over Defendants because Defendants conduct business in the state of Ohio, and Defendants contacted Plaintiff in Ohio with the purpose of injuring Plaintiff when Defendants might reasonably have expected that Plaintiff would be injured in the State of Ohio. R.C. §§ 2307.382(A)(1) and (6); Civ.R. 4.3(A)(1) and (9).

7. Venue is proper with this Court because Plaintiff resides in Lake County, State of Ohio, and the Court's personal jurisdiction over Defendants exists via Civ.R. 4.3. Civ.R. 3(B)(7).

## IV. STATEMENT OF FACTS

8. Defendants contacted Plaintiff 14 times during January 2021 on Plaintiff's cellular telephone.

9. Defendants repeatedly contacts Plaintiff at a rate of 2-3 calls per day, with the calls having begun on January 19, 2021.

10. Defendants called Plaintiff on January 19, 2021 at approximately 3:22 pm EST.

11. Defendants called Plaintiff on January 19, 2021 at approximately 4:24 pm EST.

12. Defendants called Plaintiff on January 19, 2021 at approximately 4:58 pm EST.

13. Defendants called Plaintiff on January 20, 2021 at approximately 11:07 am EST.

14. Defendants called Plaintiff on January 20, 2021 at approximately 12:25 pm EST.

15. Defendants called Plaintiff on January 21, 2021 at approximately 12:03 pm EST.

16. Defendants called Plaintiff on January 21, 2021 at approximately 3:46 pm EST.

17. Defendants called Plaintiff on January 21, 2021 at approximately 4:31 pm EST. Plaintiff spoke with Defendants for approximately 3 minutes and was told that if he would switch

his energy supplier to Defendants, the calls would stop. Plaintiff was told, "you know, why don't you just switch to us and we can make the calls stop."

18. Defendants called Plaintiff on January 23, 2021 at approximately 4:24 pm EST.

19. Defendants called Plaintiff on January 23, 2021 at approximately 4:24 pm EST.

20. Defendants called Plaintiff on January 25, 2021 at approximately 11:59 am EST.

21. Defendants called Plaintiff on January 25, 2021 at approximately 2:55 pm EST.

22. Defendants called Plaintiff on January 26, 2021 at approximately 3:02 pm EST.

23. Defendants called Plaintiff on January 26, 2021 at approximately 4:23 pm EST. Plaintiff spoke with Defendants for approximately 2 minutes before Defendants stated they would not call Plaintiff again because they decided it was unclear if Plaintiff was eligible to switch his energy supplier to Defendants. Defendants claimed they were calling Plaintiff in response to Plaintiff's consent and request to be contacted, Plaintiff disputed they had consent, Defendants did not contest Plaintiff's disputation of alleged consent, Defendants also made an incorrect statement as to whom they thought was Plaintiff's electric and gas supplier.

24. During each call Defendants identified themselves as National Gas and Electric calling as an "authorized supplier behalf of Baltimore Gas and Electric."

25. Defendants called Plaintiff on cellular phone number ending in 5893.

26. Plaintiff maintains at all times relevant to this Complaint a cellular telephone line within the meaning of the TCPA, 47 U.S.C. § 227(b)(1)(B); ending in 5893.

27. All of Defendants' communications consisted of an automated telephone dialing system that contacted Plaintiff to a human operator. The use of ATDS was evidenced by a perceptible delay of about 4-7 seconds at the beginning of each call, followed by an audible

"boo dupe" beeping sound before the call finally connected to a human operator on behalf of Defendants.

28. Upon information and belief Defendants' dialing system is an ATDS per the 9th Circuit in *Marks v. Crunch San Diego, LLC*, 904 F. 3d 1041, (9th Cir. 2018) and the 6th Circuit in *Allan v. Pa. Higher Ed. Assist. Agency*. Case No. 19-2043 (6th Cir. 2020).

29. Upon information and belief neither Defendant is bonded with the Ohio Attorney General's Office to engage in telephone solicitation within Ohio. One would logically conclude that if either Defendant had posted the solicitor's surety bond they would abide by relevant telemarketing regulations.

30. Defendants call Plaintiff from number 240-256-6131.

31. Plaintiff's cellular phone number has been listed on the National Do Not Call ("DNC") registry during all relevant times and for at least six years prior to the time period detailed in this complaint.

32. All telephone calls by Defendants were intrusive, harassing, annoying, obnoxious, vexing, aggravating, and the call volume of 2-3 calls per day over a 6-day period was particularly intrusive and invasive. Defendants created a nuisance per se.

33. All telephone calls made by Defendants to Plaintiff resulted in an interference in Plaintiff's possessory interests and rights in his telephone. Every call placed by Defendants that Plaintiff received resulted in the causing of Plaintiff's phone to ring, the draining of Plaintiff's phone's battery and resulted in the phone being unavailable for calls Plaintiff wanted to make or actually wanted to receive from people Plaintiff was actually willing to converse with.

34. Defendants trespassed to Plaintiff's chattel and interfered with his possessory interest in his chattel by occupying the line, draining the battery and otherwise denying Plaintiff and the ability and opportunity to enjoy and use the chattel for its intended purpose.

35. Defendants created and caused a nuisance by interfering in Plaintiff's enjoyment of his legal rights and disturbed the free use of his property such that he was not able to enjoy the ordinary use of his property.

36. Upon information and belief, Defendants lack any meaningful policies for compliance with TCPA regulations or if they have such policies, they are inadequate and insufficient given that Defendants do not appear to purchase the Do Not Call list from National Do Not Call Registry, they do not appear to scrub their calling database against the DNC list, and they do not have policies and procedures implemented to avoid calling cellular phone numbers registered on the National Do Not Call Registry. Defendants appear to consciously disregard TCPA compliance as a matter of business routine.

37. Plaintiff has never done business with either of the Defendants nor did Plaintiff ever request contact from Defendants or any affiliates of Defendants.

38. Defendants lack express prior written consent to contact Plaintiff with an ATDS to contact his cellular phone for commercial purposes.

39. Defendants lacks express prior consent of any sort, written or otherwise, to contact Plaintiff with ATDS for any purpose.

40. Defendant has acted in a manner that constitutes a deceptive practice in violation of the CSPA and Title 109 of the Administrative Code.

41. Defendant violated the CSPA by committing an act or practice declared to be deceptive by rules promulgated by the attorney general.

42. As a result of Defendants conduct as described in this Complaint, Plaintiff has suffered damages.

## V. CAUSES OF ACTION

### COUNT I
### STATUTORY VIOLATIONS OF THE TCPA

43. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if each is set forth herein.

44. The TCPA is a federal statute that was enacted to prohibit unreasonable invasions of privacy via certain telephone practices.

45. Plaintiff maintains at all times relevant to this Complaint a cellular telephone line within the meaning of the TCPA, 47 U.S.C. § 227(b)(1)(B); with the phone number ending in 5893.

46. Defendants placed calls to Plaintiff's cellular telephone using an automated telephone dialing system not for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i), which had the natural consequence of utilizing Plaintiff's cellular telephone resources and robbing Plaintiff of Plaintiff's time and privacy.

47. It is a violation of the TCPA and is actionable for one to initiate a telephone call to a person's cellular phone by means of an automated telephone dialing system.

48. Defendants caused to be delivered calls made by ATDS to Plaintiff's cellular telephone in violation of the TCPA. 47 U.S.C. § 227(b)(1)(B).

49. Further, Defendants violated 47 C.F.R. § 64.1200(d)(6) by failing to maintain a do-not call list; to wit: Defendants called Plaintiff despite Plaintiff's telephone number being on the National Do Not Call Registry.

50. Additionally, Defendants violated 47 C.F.R. § 64.1200(d)(2) by failing to train its personnel in lawful telemarketing in compliance with do-not-call policies and requests; to wit: Defendants called Plaintiff despite Plaintiff's cellular telephone number being on the National Do Not Call Registry. Upon information and belief, Defendants failed to properly train its personnel to record DNC requests and to maintain a DNC list.

51. Defendants violated the TCPA when Defendants placed calls to Plaintiff's cellular telephone.

52. Defendants negligently violated the TCPA in relation to Plaintiff.

53. As a result of Defendants' negligent violations of the TCPA, Plaintiff may recover statutory damages of five hundred dollars ($500.00) for each and every violation of the provisions of the TCPA. 47 U.S.C. § 227(b)(3) and (c)(5).

54. In the alternative to the *scienter* of negligence, Defendants have willfully violated the provisions of the TCPA and Plaintiff may recover statutory damages of up to one thousand five hundred dollars ($1,500.00) per violation of said statute. 47 U.S.C. § 227(b)(3) (see C*harvat v. Ryan*, 879 N.E.2d 765, 770 (Ohio 2007) (holding that willfulness is established if the defendant knew of the facts that constituted the offense and not that the defendant knew that his conduct violated the law).

55. Defendants committed at least twenty-eight (28) violations of Count I of Plaintiff's Complaint. Defendants made at least 14 calls to Plaintiff. Each call consisted of an ATDS directing a call to cellular phone in violation of 227(b) and all calls occurred in violation of the national Do Not Call registry upon which Plaintiff's number is listed. Thus each call by Defendants violated 227(b) on the basis of ATDS and 227(c) on the basis of failing to abide by the Do Not Call registry, for a total of 28 violations of the TCPA.

## COUNT II
## NUISANCE *PER SE*

56. Plaintiff incorporates by reference the foregoing Paragraphs of this Complaint as if each is set forth herein.

57. Defendants contacted Plaintiff at such a frequency and volume that the calls were clearly a nuisance *per se* as calls came in at a rate of 2-3 per day for a 6 day period without consent, request, or any sort of invitation by Plaintiff.

58. Defendants created a nuisance *per se* by wrongfully engaging in conduct that interfered with or annoyed Plaintiff in his enjoyment of his legal rights and disturbed his free use of his property such that he was not able to enjoy the ordinary use of his property.

59. Defendants' outrageous conduct in bombarding Plaintiff with a deluge of auto-dialed calls, attempting to sell him energy services was exemplified by the call from January 21, 2021 wherein Defendants stated that if Plaintiff would switch his services to Defendants that the calls would stop. Defendants were attempting to beat Plaintiff into submission and overwhelm him into entering into a consumer transaction with Defendants.

60. Defendants' conduct constitutes telecommunications harassment in violation of the Ohio Revised Code, R.C. § 2917.21(A)(6), which prohibits making calls that are "… menacing, coercive… with the intent to abuse, threaten, or harass the recipient" and such conduct that is illegal is presumptively an absolute nuisance or nuisance *per se*.

61. Defendants called Plaintiff in a manner where they implicitly threatened to continue a barrage of calls unless and until Plaintiff relented and switched his services to Defendants.

62. Defendants committed a violation of Count II of Plaintiff's Complaint and created a private nuisance *per se*.

9

63. Plaintiff is entitled to punitive damages for Defendants' tortious conduct in regards to the creation of a nuisance per se.

## COUNT III
## TRESPASS TO CHATTEL

64. Plaintiff incorporates by reference the foregoing Paragraphs of this Complaint as if each is set forth herein.

65. Defendants intentionally used or intermeddled with the Plaintiff's chattel and interfered or caused interference with Plaintiff's possessory rights and interests in his own chattel.

66. The intentional interference by Defendants occurred each and every time Defendants placed a call or otherwise caused a call to be placed to Plaintiff's cellular telephone number such that Plaintiff's cellular telephone rang, was unavailable for Plaintiff's use for other matters, was unavailable for Plaintiff to make calls to those with whom he wished to conversed, and Plaintiff's phone battery was drained.

67. Defendants' conduct was without privilege or justification in light of the circumstances, especially in light of the numerous and repeated demands Plaintiff made that Defendants stop calling.

68. Defendants committed a violation of Count III of Plaintiff's Complaint and trespassed to Plaintiff's chattel per Count III of Plaintiff's Complaint.

## COUNT IV
## STATUTORY CRIMINAL LIABILITY AGAINST DEFENDANTS

69. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if each is set forth herein.

70. Plaintiff is a person who has suffered from criminal conduct on the part of the Defendants.

71. Defendants' conduct, if prosecuted, would constitute a felony of the fifth degree. R.C. § 2917.21(C)(2) because the first instance of telecommunications harassment is a first-degree misdemeanor and each subsequent offense is a felony of the fifth degree. Defendants committed at least several discrete instances of telecommunications harassment throughout January 2021 and each offense after the first offense would constitute a felony of the fifth degree.

72. Defendants specifically violated R.C. § 2917.21(A)(6).

73. In the circumstances of this instant action, Defendants implied a threat of continued contact unless and until Plaintiff would agree to switch his services to Defendants.

74. Further, upon information and belief, Defendants lack a certificate of registration as telephone solicitors in Ohio and neither has posted the solicitor's surety bond and thus Defendants are violating R.C. § 4719.08 such that each violation constitutes a felony of the fifth degree. R.C. § 4719.99.

75. Plaintiff may seek recovery for criminal conduct which if prosecuted would constitute a felony. R.C. § 2307.60(B)(2)(b) and R.C. § 2307.60(B)(2)(c).

76. Defendants are liable to Plaintiff for engaging in criminal acts that resulted in Plaintiff suffering damages. R.C. § 2307.60.

77. Plaintiff is entitled to punitive damages for Defendants' criminal and harassing conduct per Count IV of Plaintiff's Complaint.

## COUNT V
### STATUTORY VIOLATIONS OF THE CSPA

78. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if each is set forth herein.

79. Defendant NGE is a "person" as defined by R.C. § 1345.01(B).

11

80. Defendant BGE is a "person" as defined by R.C. § 1345.01(B).

81. Defendant NGE is a "supplier" as defined by R.C. § 1345.01(C).

82. Defendant BGE is a "supplier" as defined by R.C. § 1345.01(C).

83. Plaintiff is a "consumer" as defined by R.C. § 1345.01(D).

84. A "consumer transaction" as defined by R.C. § 1345.01(A) occurred whenever Defendants solicited Plaintiff via phone to purchase goods or services as detailed within this Complaint.

85. Defendants committed unfair and deceptive acts in connection with a consumer transaction when Defendants violated R.C. § 1345.02 by knowingly failing to comply with the TCPA and the regulations promulgated by the Federal Communication Commissions, by failing to have "do not call policies" in place before making calls, and by other deceptive and unfair acts in connection with a consumer transaction. Defendants also engaged in deceptive or unconscionable acts by intimating to Plaintiff that the calls would only stop if Plaintiff bought Defendants goods or services.

86. Plaintiff is statutorily entitled to three (3) times the amount of Plaintiff's actual economic damages or two hundred dollars ($200.00)—whichever is greater—, plus an amount not exceeding five thousand dollars ($5,000.00) in noneconomic damages for each violation of the OCSPA. R.C. § 1345.09(B).

87. Since Defendants knowingly committed an act or practice that violates the OCSPA, Plaintiff may be awarded reasonable attorney's fees to litigate the instant civil action. R.C. § 1345.09(F)(2).

88. Defendants committed at least forty-two (42) violations of the CSPA, with each of the 28 TCPA violation being a per se CSPA violation and each of the 14 TSSA violations also

12

being a CSPA violation, entitling Plaintiff to an award of $200.00 per CSPA violation for each violation per Count V of Plaintiff's Complaint.

## COUNT VI
## TELEPHONE SOLICITATION SALES ACT

89. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if each is set forth herein.

90. Upon information and belief Plaintiff alleges that Defendants do not have the required certificate of registration issued by the Ohio State Attorney General's Office as required by R.C. 4719.02 to solicit Ohio consumers by telephone which is a per se violation of the TSSA and is deemed "unfair or deceptive" under R.C. § 1345.02. A violation of the TSSA is also a per se violation of the CSPA. Every single call made by Defendants, with Defendants lacking a certificate of registration to engage in telephone solicitation, is violative of R.C. § 4719.02 and thus a violation of the TSSA and CSPA.

91. Finally, Plaintiff is entitled to punitive damages if Plaintiff can demonstrate that the Defendants acted and violated the TSSA in a knowing fashion.

92. Defendants committed at least 14 violations of the TSSA per Count VI of Plaintiff's Complaint.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court will:

93. Enter judgment against Defendants, jointly and severally, in Plaintiff's favor in an amount of money in the aggregate that exceeds fifty thousand dollars ($50,000.00 – inclusive of all damages) for general damages, statutory damages, liquidated damages, treble damages, not

inclusive of the award of attorney's fees pursuant to R.C. § 1345.09(F) and the award of mandatory court costs (as also provided by the CSPA).

94. Grant an injunction enjoining Defendants from further contacting Plaintiff in any unlawful manner.

95. Award any and all other relief to which Plaintiff is entitled as a matter of law or equity.

RESPECTFULLY SUBMITTED,

/s/ BRYAN ANTHONY REO
Bryan Anthony Reo (#0097470)
Reo Law LLC
P.O. Box 5100
Mentor, OH 44061
(Business): (216) 505-0811
(Mobile): (440) 313-5893
(E): Reo@ReoLaw.org
*Attorney and Plaintiff Pro Se*

**JURY DEMAND ENDORSED HEREON**

Plaintiff respectfully demands a trial by jury on all of the issues set forth herein that are triable by right. Civ.R. 38.

COMMON PLEAS COURT
LAKE COUNTY OHIO

Case Desig

BRYAN ANTHONY REO

_____
VS
National Gas & Electric LLC
_____

FILED VIA EMAIL
DATE 1/27/2021 TIME 11:47 AM
FAITH ANDREWS, CLERK OF COURTS

Per Loc. R. II (C)(3), refiling of cases previously dismissed under Civ.R. 41 must have a designation upon the face of the complaint that the action is being refiled. The word "REFILING" must appear in capital letter under the word "COMPLAINT". Directly beneath the word "REFILING" the complaint shall identify the case number of this dismissed action. **Former case no.** _____

Case Categories: (Mark one category only)

☐ Adminstrative Appeal (Specific ORC Sec.)   Section: _____
☐ Consumer Action - ORC 1345
☐ Contract or Quasi Contract
☐ Criminal
☐ Declaratory Judgment
☐ Foreclosure                         21CV000107
☐ Foreign Judgment                    JOHN P. O'DONNELL
☐ Malpractice (specify) _____
☐ Credit Card (CI)
☐ Personal Injury
☐ Product Liability
☐ Professional Tort
☐ Provisional Remedy (Replevin, Attachment, Garnishment)
☐ Workers Compensation
☐ Other Tort _____
☒ Other Civil    47 USC 227- Telephone Consumer Protection Act

The designation "money only" may not be used if one of the above specific categories is applicable. Further, the caption shall note any statutory provision this is unique to the particular cause and controls the time within which the case is to proceed, once filed. (Ex. Miscellaneous - Contest of Election (O.R.C. Section 3515.10 - Hearing within 30 days.)

Revised Code Section unique to this
particular cause which controls the time
within which the case is to proceed:   _____

_____                         (Signature)
Bryan Anthony Reo  0097470             (Printed name and   Registration No.)

REO LAW LLC. P.O. Box 5100 Mentor, Ohio 44061
_____                         (Firm Name and Address)

440-313-5893
_____                         (Telephone Number)

**FAITH ANDREWS**
CLERK OF COMMON PLEAS COURT
LAKE COUNTY COURT HOUSE, WEST ANNEX
25 N. PARK PLACE
PAINESVILLE, OHIO 44077

Lake County Common Pleas Court

## ATTENTION ALL PARTIES TO THE CASE

Whether you are represented by an Attorney or representing yourself in this Legal action, LAKE COUNTY LOCAL COURT RULES require that all participants familiarize themselves with, and follow the requirements of each court.

Pre-trial orders and procedures are available on our website at

www.lakecountyohio.gov/coc

Select DOWNLOADS

Scroll to PRE-TRIAL ORDERS

Select the appropriate pre-trial order/procedure for YOUR respective case and Judge.

If you are unable to access or unclear as to which pre-trial order/procedure applies to you, contact the Office of the Clerk of Courts, New Case Department (440.350.2657) during normal business hours and a copy will be immediately mailed to you.

**FAITH ANDREWS**
CLERK OF COMMON PLEAS COURT
LAKE COUNTY COURT HOUSE, WEST ANNEX
25 N. PARK PLACE
PAINESVILLE, OHIO 44077

FILED VIA EMAIL
DATE 2-15-21   TIME 4:37 AM
FAITH ANDREWS, CLERK OF COURT

## STATE OF OHIO
## IN THE COURT OF COMMON PLEAS OF LAKE COUNTY
## CIVIL DIVISION

| | |
|---|---|
| **BRYAN ANTHONY REO** <br> PO BOX 5100 <br> Mentor, OH 44061 <br><br> Plaintiff, <br><br> v. <br><br> **NATIONAL GAS & ELECTRIC, LLC** <br> 12140 Wickhester Ln <br> Suite 100 <br> Houston, TX 77079 <br><br> Defendant <br><br> **Baltimore Gas and Electric Company** <br> 2 Center Plaza <br> 110 West Fayette Street <br> Baltimore, MD 21201 <br><br> Defendant | Case No. 21CV000107 <br><br> Hon. John P. O'Donnell |

**REO LAW, LLC**
By: Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(P): (440) 313-5893
(E): Reo@ReoLaw.org
*Attorney and Plaintiff Pro Se*

### PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE AS TO DEFENDANT NATIONAL GAS AND ELECTRIC LLC

NOW COMES Bryan Anthony Reo (Plaintiff), Pro Se, and hereby propounds upon National Gas and Electric, LLC ("NGE") and Baltimore Gas and Electric Company ("BGE") (Defendants), and this Honorable Court, Plaintiff's Notice of Voluntary Dismissal Without Prejudice As To Defendant National Gas and Electric LLC.

This notice is made pursuant to Civ. R. 41(A)(1)(a) and is without prejudice, as to all claims against Defendant National Gas and Electric LLC and only Defendant National Gas and Electric LLC. All claims and counts against Defendant Baltimore Gas and Electric Company remain.

RESPECTFULLY SUBMITTED,

/s/ BRYAN ANTHONY REO
Bryan Anthony Reo (#0097470)
Reo Law LLC
P.O. Box 5100
Mentor, OH 44061
(Business): (216) 505-0811
(Mobile): (440) 313-5893
(E): Reo@ReoLaw.org
*Attorney and Plaintiff Pro Se*

# Certificate of Service

I, Bryan Anthony Reo, do hereby certify that I have served the foregoing electronically, upon Defendant NGE via email at .

michelle.pector@morganlewis.com

and to Defendant BGE via First Class United States Postal Service at-

**Baltimore Gas and Electric Company**
2 Center Plaza
110 West Fayette Street
Baltimore, MD 21201


On this 15 day of February, 2021.

/s/ BRYAN ANTHONY REO