**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| BRYAN ANTHONY REO, | ) | CASE NO. 1:21-cv-00496 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | |
| | ) | **MOTION TO DISMISS** |
| NATIONAL GAS & ELECTRIC, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendant Baltimore Gas and Electric Company ("BGE"), by and through undersigned counsel,

hereby moves, pursuant to Federal Rule of Civil Procedure 12(b)(2) and (b)(6), for dismissal of Plaintiff

Bryan Anthony Reo's Complaint for lack of personal jurisdiction and failure to state a claim upon which

relief can be granted against BGE. BGE is a Maryland utility company that does no business in Ohio

and has no other contacts with this State. Plaintiff's conclusory allegations that "Defendants"[1] made

phone calls to his cellular number are insufficient to establish that BGE has the required minimum

contacts to support this Court's personal jurisdiction. In addition, Plaintiff has not sufficiently plead the

facts necessary to establish BGE's direct or vicarious liability for the alleged misconduct of National

Gas & Electric (a retail energy supplier unaffiliated with BGE) and has therefore failed to state a viable

claim against BGE upon which relief can be granted.

---

[1] Plaintiff's Complaint in the Lake County Court of Common Pleas asserted claims against both National Gas & Electric, LLC and BGE, with no distinction between the two entities. Plaintiff voluntarily dismissed his claims against National Gas & Electric almost immediately. As set forth in more detail below, Plaintiff's blanket allegations that "Defendants" called his cellular phone number are insufficient to establish personal jurisdiction in light of testimony establishing that BGE has no relationship of any kind with National Gas & Electric and does not do business in Ohio or contact individuals for the purposes of marketing energy supply services.

For all these reasons, and for those set forth in the following Memorandum in Support, BGE respectfully requests that Plaintiff's Complaint be dismissed in its entirety.

Respectfully submitted,

*/s/ Rachael L. Israel*
Rachael L. Israel (0072772)
Karen L. Giffen (0042663)
GIFFEN & KAMINSKI, LLC
1300 East Ninth Street, Suite 1600
Cleveland, Ohio 44114
Telephone:    216-621-5161
Facsimile:    216-621-2399
E-Mail:       risrael@thinkgk.com
              kgiffen@thinkgk.com

**Counsel for Defendant Baltimore Gas and Electric Company**

2

## MEMORANDUM IN SUPPORT

As recognized by this Court, Plaintiff Bryan Anthony Reo "has made a cottage industry out of filing TCPA claims, on behalf of Bryan Reo, Bryan Anthony Reo, Bryan A. Reo, Anthony Reo and/or Anthony Domenic Reo (combined, 'the Reos'), against various Defendants, typically in Lake County Common Pleas Court – which cases are then generally removed to federal court based on the Court's subject matter jurisdiction over the federal claim or claims." *Reo v. Palmer Administrative Services*, No. 1:18-CV-02065-DAP, 9/26/2018 Order, Doc. No. 6, PageID #165 (S.D. Ohio), *aff'd* 770 Fed.Appx. 746 (6th Cir. 2019). The instant case fits this mold exactly, having been filed by Plaintiff in the Lake County Court of Common Pleas against two Defendants: National Gas & Electric, LLC and Baltimore Gas and Electric Company ("BGE").[2] Plaintiff almost immediately dismissed National Gas & Electric from the case,[3] and BGE removed the matter to this Court.

Plaintiff's Complaint alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, and raises state law claims for violation of the Ohio Consumer Sales Practices Act, O.R.C. § 1345.01, *et seq.*; the Ohio Telephone Solicitation Sales Act, O.R.C. § 4719.01 *et seq.*; the Ohio civil damages statute, O.R.C. § 2307.60; and Ohio common law. All of Plaintiff's claims relate to telephone calls allegedly made to his cellular telephone number ending in 5893.[4] All of Plaintiff's allegations are asserted jointly against both BGE and National Gas & Electric, without making any distinction between the two entities or explaining how the conduct of National Gas & Electric can be imputed to BGE.[5]

---

[2] Complaint, Exhibit B to BGE's Notice of Removal, Doc. No. 1-2, PageID # 7-20 ("Compl.").

[3] Lake County Docket, Exhibit A to BGE's Notice of Removal, Doc. No. 1-2, PageID # 5-6.

[4] Compl. ¶¶ 8-25.

[5] BGE is required to accept the truth of Plaintiff's factual allegations against National Gas & Electric, LLC at this stage of the pleadings, but has no actual knowledge of their veracity.

In fact, BGE has no relationship with National Gas & Electric, and it has no contacts whatsoever with the State of Ohio. As explained below, BGE did not make the calls identified in Plaintiff's Complaint, and did not authorize or cause any other entity to make those calls. BGE is not subject to the personal jurisdiction of this Court, and Plaintiff's conclusory allegation that "Defendants called Plaintiff" is insufficient to establish either the minimum contacts necessary to subject BGE to personal jurisdiction or to hold BGE directly or vicariously liable for the alleged conduct of National Gas & Electric. As a result, BGE is entitled to dismissal under Federal Rule 12(b)(2) and (b)(6).

## I.     Jurisdictional Facts and Plaintiff's Allegations

While Plaintiff's factual allegations must be accepted as true, BGE's undisputed factual assertions may also be considered by this Court in determining whether personal jurisdiction exists. *See, e.g., Noco Co. v. Doe*, No. 1:19-CV-02260-DCN, 2020 WL 836757, at *2 (N.D. Ohio Feb. 20, 2020).

### A.     BGE Is a Maryland Utility With No Contacts with Ohio.

BGE is a regulated natural gas and electricity utility headquartered in Baltimore, Maryland, and it provides utility services to more than a million customers in Central Maryland.[6] BGE is incorporated under the laws of the State of Maryland, with its headquarters and principal place of business located in Baltimore.[7] The majority of BGE's officers, employees, facilities and operations are located in Maryland; none are located in Ohio.[8] BGE does not transact any business in Ohio, does not contract with anyone to supply services or goods in Ohio and does not have any customers in Ohio.[9]

BGE provides utility services only to customers located within its service territory, which is entirely within the State of Maryland. BGE does not provide utility services to any Ohio residents, nor

---

[6] Declaration of John D. Corse, Esq. ¶ 3, attached hereto as Exhibit A ("Corse Decl.").

[7] Corse Decl. ¶ 4.

[8] *Id*. at ¶¶ 5-6.

[9] *Id*. at ¶¶ 7-8, 11.

is it authorized to act as a utility anywhere in Ohio.[10] BGE does not target and has never targeted Ohio residents in connection with the utility services it provides, and it has no affiliation or relationship with any retail energy supplier to solicit Ohio customers on its behalf or for its benefit.[11]

A consumer's energy service is divided into two parts: (1) supply, which is the actual gas or electricity consumed; and (2) delivery, which is the delivery of the gas or electricity to the consumer.[12] Energy delivery is a regulated service, and BGE is a regulated utility in the Central Maryland area.[13] Energy supply, on the other hand, is not a regulated service in Maryland. Any retail energy supplier that is licensed by the State of Maryland's Public Service Commission ("Maryland PSC") and registered with BGE can become a gas or electricity supplier for customers within BGE's service territory.[14] This so-called "energy choice" gives consumers the ability to shop for the best energy rates and terms.

If Central Maryland customers do not choose a retail energy supplier, BGE is obligated by law to act as their "default supplier" by purchasing wholesale energy in blind auctions designed to ensure that BGE provides energy to consumers at market-based rates.[15] In addition, BGE is responsible for the delivery of gas and/or electricity to all customers within its service territory and for the wires, poles, pipes and outage restoration, regardless of who supplies the energy.[16] BGE is committed to providing Central Maryland customers with a good default energy supply option, but it is prohibited by law from marketing or soliciting customers for its default supply service.[17] As a result, BGE does not market

---

[10] *Id*. at ¶¶ 13, 15.

[11] *Id*. at ¶¶ 14-15.

[12] *Id*. at ¶ 16.

[13] *Id*. at ¶ 17.

[14] *Id*. at ¶¶ 17-18.

[15] Corse Decl. ¶ 20; Md. Code, Public Utilities § 7-510.

[16] Corse Decl. ¶ 17.

[17] *Id*. at ¶¶ 21, 39; Md. Code, Public Utilities § 7-505(b)(3).

energy supply or make marketing or solicitation calls to individuals in Ohio or anywhere else in the United States for the purpose of maintaining or increasing its energy supply business.[18] Nor does BGE have relationships with any retail energy suppliers who make solicitation calls on its behalf.[19] BGE is indifferent to whether its customers purchase gas or electricity from a retail energy supplier or instead utilize the default utility supply service BGE is obligated to provide in Central Maryland.[20]

### B.  BGE Has No Contacts with Plaintiff.

BGE did not make any solicitation calls to Plaintiff on the cellular telephone number ending 5893 or at any other number.[21] BGE did not direct or cause any other person to make any solicitation calls to Plaintiff on his cell phone or at any other number.[22] BGE is not affiliated in any way with the telephone number 240-256-6131, from which Plaintiff alleges the calls at issue originated.[23] Plaintiff is an experienced TCPA litigator, and a simple Google search of the telephone number 240-256-6131 would have revealed to him that this number has been associated with utility scams and National Gas & Electric, LLC.[24] The number is not affiliated with BGE.

---

[18] Corse Decl. ¶ 22.

[19] *Id*.

[20] *Id*. at ¶ 24.

[21] *Id*. at ¶ 25.

[22] *Id*. at ¶ 26.

[23] *Id*. at ¶ 27.

[24] Corse Decl. ¶ 28 & Exhibit A-1. As of September 2018, Plaintiff had "been involved, in one capacity or another, in nearly 30 TCPA cases in the Northern District of Ohio," ***Palmer***, No. 1:18-CV-02065-DAP, 9/26/2018 Order, Doc. No. 6, PageID #166, and he has filed many more TCPA Complaints since that time.

### C.      National Gas & Electric Is Not Authorized to Act on BGE's Behalf.

BGE provides information to consumers about retail energy suppliers that are licensed by the Maryland PSC and registered with BGE.[25] This same information is provided by Maryland PSC, the state agency responsible for the regulation of gas, electric other public service companies.[26] One of the 98 retail energy suppliers authorized to supply energy to customers within BGE's territory is National Gas & Electric, LLC, a former Defendant is this case.[27]

However, BGE is not affiliated with National Gas & Electric.[28] They share no common ownership, officers, employees or assets.[29] BGE and National Gas & Electric have no legal or contractual relationship, and National Gas & Electric is not authorized to act on BGE's behalf in any way.[30] Maryland PSC and Maryland's Office of People's Counsel – an independent state agency that represents residential consumers of natural gas, electricity and other services – warn consumers that retail energy suppliers such as National Gas & Electric "do not work for your utility," "cannot claim that they work for the utility" and should not claim that they "are contacting you for the utility."[31]

### D.      Plaintiff's Allegations Do Not Conflict With These Jurisdictional Facts.

Plaintiff alleges that "Defendants" called his cell phone 14 times in violation of the TCPA and Ohio law.[32] The Complaint, however, contains no specific factual allegations regarding any actions taken by BGE. Plaintiff makes only blanket allegations and impermissibly lumps together the two

---

[25] Corse Decl. ¶ 23.

[26] *Id.* at ¶¶ 19, 35.

[27] *Id.* at ¶ 29.

[28] *Id.* at ¶ 30.

[29] *Id.*

[30] *Id.* at ¶¶ 30-31.

[31] *Id.* at ¶¶ 35-36.

[32] Compl. ¶ 8.

named Defendants without sufficiently alleging a plausible relationship between BGE and National Gas & Electric, the entity that allegedly placed the calls. Plaintiff's few specific factual allegations all relate to conduct by National Gas & Electric, not BGE. For example, Plaintiff alleges that:

- during one call, Plaintiff was told "that if he would switch his energy supplier to Defendants, the calls would stop";

- Defendants "stated they would not call Plaintiff again because they decided it was unclear if Plaintiff was eligible to switch his energy supplier to Defendants";

- Defendants "bombard[ed] Plaintiff with a deluge of auto-dialed calls, attempting to sell him energy services"; and

- "Defendants identified themselves as National Gas and Electric calling as an 'authorized supplier behalf [sic] of Baltimore Gas and Electric.'"[33]

These allegations, at best, establish that National Gas & Electric placed the calls, since BGE has no incentive or desire to convince consumers to "switch" from it, their regulated utility and default energy supplier, and BGE does not engage in any type of marketing of energy services.[34] Retail energy suppliers, on the other hand, are in the business of convincing consumers "to switch" away from their default utilities to the retailer.[35] Indeed, the online tagline of National Gas & Electric is "Switching is a piece of cake," and another authorized energy retailer is named "point.click.switch."[36]

The above jurisdictional facts are also consistent with the content of the telephone calls allegedly made to Plaintiff's cell phone.[37] In one call, an agent who identifies herself as Lola states that the call was being made by National Gas & Electric and does not mention BGE at any point during the call.[38]

---

[33] *Id.* at ¶¶ 17, 23, 59 & 24.

[34] Corse Decl. ¶¶ 21-22, 24, 34-35.

[35] *Id.* at ¶ 36.

[36] *Id.* at ¶¶ 37-38.

[37] Plaintiff produced two recordings of telephone calls in support of his allegations against BGE. Transcripts of the recordings are attached as **Exhibit A-2** to Mr. Corse's Declaration.

[38] Corse Decl. ¶ 43.

In a second call, an unidentified male agent confirms that the call was made by National Gas & Electric, "an authorized supplier on behalf of Baltimore Gas & Electric."[39] This agent refers to BGE as "them" and indicates that the purpose of the call is to have National Gas & Electric "supply [Plaintiff] with electricity because BG&E doesn't make the electricity."[40] This language makes clear that, contrary to Plaintiff's claims, the caller was distinguishing National Gas & Electric from BGE, and not claiming that the two companies were affiliated with each other.

## II.     This Court Lacks Personal Jurisdiction Over BGE.

### A.     Standard of Review

Pursuant to Rule 12(b)(2), BGE moves to dismiss this case for lack of personal jurisdiction. Plaintiff bears the burden of proof on this issue. *Noco*, 2020 WL 836757, at \*2; *Air Prods. & Controls. v. Safetech Int'l*, 503 F.3d 544, 549 (6th Cir. 2007). In the face of a properly supported motion for dismissal, Plaintiff "may not stand on his pleading but must, by affidavit or otherwise, set forth specific facts showing that the Court has jurisdiction." *Noco*, 2020 WL 836757, at \*2; *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). To meet his burden, Plaintiff "must establish with reasonable particularity sufficient contacts between each Defendant and the forum state to support jurisdiction." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). While this Court must view the pleadings and affidavits in the "light most favorable" to Plaintiff, BGE's "undisputed factual assertions may be considered." *Noco*, 2020 WL 836757, at \*2; *Theunissen*, 935 F.2d at 1458. In this case, Plaintiff cannot meet his burden of proving personal jurisdiction, and his conclusory allegations are insufficient to overcome the jurisdictional evidence submitted by BGE.

---

[39] *Id*. at ¶ 44.

[40] *Id*. at ¶ 45.

In Ohio, personal jurisdiction over a non-resident defendant exists only if the defendant is amenable to service of process under Ohio's long-arm statute and the exercise of personal jurisdiction would not deny it due process under the federal Due Process Clause. *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012); *Cmty. Tr. Bancorp v. Cmty. Tr. Fin.*, 692 F.3d 469, 471 (6th Cir. 2012). The critical inquiry is whether the defendant has sufficient "minimum contacts" with Ohio so that this Court's exercise of jurisdiction over it comports with "traditional notions of fair play and substantial justice." *Advanced Dermatology v. Adv-Care Pharmacy*, No. 1:17-CV-00251-DCN, 2017 WL 5067576, at *2-4 (N.D. Ohio Nov. 1, 2017); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

## B.  Ohio's Long Arm Statute Does Not Establish Personal Jurisdiction.

Plaintiff alleges that Ohio courts have personal jurisdiction over BGE pursuant to two subsections of Ohio's long-arm statute: R.C. § 2307.382(A)(1) and (6). Those subsections provide that an Ohio court "may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

> (1) Transacting any business in this state;
>
>     * * *
>
> (6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when the person might reasonably have expected that some person would be injured thereby in this state."

Subsection (A)(1) is clearly inapplicable since BGE does not transact any business in Ohio. Subsection (A)(6) could conceivably apply because this Court has previously held that TCPA claims "are founded in tort and give rise to tortious injury." *Fabec v. Debt Mgmt. Partners, LLC*, No. 1:18-CV-01537-DCN, 2018 WL 4830085, at *7 (N.D. Ohio Oct. 4, 2018). As a result, defendants who make phone calls or send faxes to Ohio residents make themselves subject to Ohio's long arm jurisdiction under subsection (A)(6). *See, e.g., Advanced Dermatology*, 2017 WL 5067576 (personal jurisdiction

existed where defendant admitted sending several faxes a year to Ohio residents); *Fabec*, 2018 WL 4830085 (same where defendant admitted it or its agent made at least 30 phone calls to Ohio resident).

Ohio's long arm statute does not confer jurisdiction in this case, however, because BGE did not commit any act that could have caused a tortious injury in this state. As discussed in detail above, BGE did not make or cause to be made any solicitation calls to Plaintiff's cellular telephone number, and it is not subject to Ohio's long arm jurisdiction.

## C. Exercising Personal Jurisdiction Over BGE Would Violate Its Due Process Rights Under the Fourteenth Amendment.

Even if BGE were subject to Ohio's long arm jurisdiction, the personal jurisdiction inquiry does not end there. *Noco*, 2020 WL 836757, at *3. This Court must further determine whether jurisdiction over BGE in Ohio comports with constitutional due process. *Id*. The critical constitutional due process inquiry is whether the defendant has sufficient "minimum contacts" with the forum state so that the district court's exercise of jurisdiction over it comports with "traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316.

Depending on the type of minimum contacts in a case, personal jurisdiction can either be general or specific. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1263 (6th Cir. 1996). General jurisdiction exists where a defendant's "continuous and systematic" contacts with a forum render it amenable to suit in any action brought against it there. *See Nationwide Mut. Ins. v. Tryg Int'l Ins.*, 91 F.3d 790, 793 (6th Cir. 1996). For a corporation such as BGE, its "paradigm" forums are those in which it is "at home," *i.e.*, its place of incorporation and its principal place of business. *BNSF Ry. Co. v. Tyrrell*, 137 S.Ct. 1549, 1552-1553 (2017); *Noco*, 2020 WL 836757, at *3. BGE is incorporated in Maryland and has its

principal place of business in Maryland.[41] BGE has no contacts with Ohio, let alone the kind of continuous and systematic contacts that would render it subject to this Court's general jurisdiction.

Specific jurisdiction exists if the subject matter of the lawsuit arises out of or is related to the defendant's contacts with the forum. *See **Nationwide***, 91 F.3d at 793; ***Noco***, 2020 WL 836757, at *4. The Sixth Circuit has consistently applied the following criteria to determine whether specific jurisdiction exists:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum to make the exercise of jurisdiction over the defendant reasonable.

***CompuServe***, 89 F.3d 1257, 1263.

Purposeful availment, the first prong of the specific jurisdiction test, requires a showing that a defendant's contacts with the forum state "proximately result from ***actions by the defendant himself*** that create a substantial connection with the forum state." ***Noco***, 2020 WL 836757, at *4 (citing ***Burger King Corp. v. Rudzewicz***, 471 U.S. 462 (1985) (emphasis added)). The purposeful availment requirement ensures that a defendant is not "haled into court in a forum in which his contacts are the result of random, fortuitous, or attenuated events" or "of the unilateral activity of another party or a third person." ***Advanced Dermatology***, 2017 WL 5067576, at *3; ***Neogen***, 282 F.3d at 889. Here, Plaintiff merely alleges that "Defendants" called his cellular phone without plausibly presenting any facts to suggest that BGE itself placed any of the calls. Plaintiff has not pleaded facts to establish that BGE has purposefully availed itself of the privilege of doing business in Ohio. Nor has Plaintiff plausibly plead that BGE is being haled into court as a result of its own contact with this state, rather than as a result of National Gas & Electric's alleged unilateral activity in calling Plaintiff's cellular phone.

---

[41] Corse Decl. ¶ 4.

Under the second element of the specific personal jurisdiction test, the cause of action in the instant case must arise from BGE's activities in Ohio. *See Noco*, 2020 WL 836757, at *5. Because BGE did not engage in any activities in Ohio, this element is not satisfied.

The final prong of the specific personal jurisdiction test is whether exercising jurisdiction over BGE is reasonable. *Id*. at *5. This requirement exists because "minimum requirements inherent in the concept of 'fair play and substantial justice' may defeat the reasonableness of jurisdiction even if the defendant has purposefully engaged in forum activities." *Burger King*, 471 U.S. at 477-478. Where, as here, Plaintiff has failed to satisfy the first two prongs of the specific jurisdiction test (because BGE did not purposefully avail itself of doing business in Ohio and the action does not arise from BGE's activities in Ohio), an inference must arise that the exercise of personal jurisdiction over such a defendant would be unreasonable. *Noco*, 2020 WL 836757, at *5. Accordingly, the exercise of personal jurisdiction over BGE in these circumstances would be inconsistent with constitutional due process.

### D. Plaintiff Cannot Establish Personal Jurisdiction Through Agency.

A defendant may be held vicariously liable under the TCPA for the acts of its agent and, correspondingly, "may also be subject to personal jurisdiction in a given forum state based on the actions of its agent." *Johansen v. HomeAdvisor, Inc.*, 218 F. Supp. 3d 577, 584 (S.D. Ohio 2016). As discussed below, Plaintiff has failed to plausibly plead the facts necessary to establish an agency relationship between BGE and National Gas & Electric and has, therefore, failed to establish personal jurisdiction over BGE based on vicarious liability.

While the existence of agency may typically be a factual issue, Plaintiff is required, even at the pleading stage, "to allege a factual basis that gives rise to an inference of an agency relationship." *Cunningham v. Politi*, No. 418CV00362ALMCAN, 2019 WL 2519568, at *6 (E.D. Tex. Apr. 30, 2019). Here, Plaintiff has made no such allegations, and there is no basis upon which this Court can infer that an agency relationship exists between the two named Defendants. To the contrary, the

evidence establishes that BGE has no relationship whatsoever with National Gas & Electric. Indeed, the very nature of BGE and National Gas & Electric's business forecloses the possibility that National Gas & Electric is authorized to act as BGE's agent in any way. BGE is a regulated utility in the Central Maryland area, the exclusive energy delivery company within its territory and the default energy supplier for those customers who do not "switch to" a retail supplier, such as National Gas & Electric. BGE has nothing to gain from the marketing and solicitation efforts of National Gas & Electric, and it does not benefit from those activities.[42]

> **E.   BGE Requests An Evidentiary Hearing to Resolve Any Factual Disputes Relating to Personal Jurisdiction.**

Based on the testimony provided regarding BGE's status as a regulated utility and National Gas & Electric's role as a retail energy supplier, it is not merely implausible that BGE could have had a role in the calls allegedly made to Plaintiff's cell phone by National Gas & Electric – it is impossible. For this reason, BGE believes that it is entitled to dismissal based on the written submissions. In the event this Court determines that Plaintiff's allegations are sufficient to plausibly allege that personal jurisdiction exists, BGE respectfully requests that the Court exercise its discretion to hold an evidentiary hearing to determine whether Plaintiff can establish by a preponderance of the evidence that BGE has sufficient contacts with to comport with "traditional notions of fair play and substantial justice." ***Lucas v. Desilva Auto. Servs.***, No. 1:16-CV-00790-MRB, 2019 WL 1440458, at *2 (S.D. Ohio Mar. 31, 2019) (when a pretrial evidentiary hearing is conducted, preponderance of the evidence standard applies).

---

[42] Corse Decl. ¶ 41.

### III.    Plaintiff Fails to State a Claim for Relief Against BGE, Because BGE Cannot Be Held Liable for the Conduct of National Gas & Electric.

#### A.    Standard of Review

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the allegations of the complaint must be taken as true and construed liberally in favor of the plaintiff. *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999). However, "unwarranted factual inferences" will not be accepted as true and "mere conclusory statements" will not suffice. *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007). A Complaint that relies on "naked assertions" devoid of "further factual enhancement" cannot survive:

> A claim has facial plausibility when the plaintiff pleads *factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged*. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Iqbal*, 556 U.S. at 677-678 (emphasis added).

#### B.    Plaintiff's TCPA Claim Fails to Plausibly Plead That BGE Is Liable for the Misconduct Alleged.

Plaintiff alleges that BGE violated the TCPA, which makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice" to a cellular telephone number. 47 U.S.C. § 227(b)(1)(A)(iii).[43] To state a claim under this provision of the TCPA, "a complaint must allege facts demonstrating that the defendant (1) made a call to a cell phone, (2) using any automatic telephone dialing system or an artificial or pre-recorded voice, (3) without the prior

---

[43] Although Plaintiff refers to 47 U.S.C. § 227(b)(1)(B) throughout his Complaint, that provision relates only to calls made to residential telephone numbers. Since all of Plaintiff's allegations relate to calls purportedly made to his cellular telephone number, only § 227(b)(1)(A)(iii) could apply.

express consent of the recipient." *Rogers v. Interstate Nat'l Dealer Servs.*, No. 1:20-CV-00554-PAG, 2020 WL 4582689, at *2 (N.D. Ohio Aug. 10, 2020); *Seri v. Crosscountry Mortgage, Inc.*, No. 1:16-CV-01214-DAP, 2016 WL 5405257, *2 (N.D. Ohio 2016) (granting motion to dismiss TCPA claims); *Reo v. Caribbean Cruise Line, Inc.*, No. 1:14-CV-01374-DCN, 2016 WL 1109042, *4 (N.D. Ohio 2016) (same). A person "can be held either directly or vicariously liable for" calls made in violation of the TCPA. *Rogers*, 2020 WL 4582689, at *3; *Keating v. Peterson's Nelnet, LLC*, 615 Fed.Appx. 365, 371 (6th Cir. 2015). Here, Plaintiff's Complaint must be dismissed because his allegations do not support a plausible inference that BGE directly or indirectly made any calls to his cell phone.

### 1. Plaintiff Does Not Sufficiently Allege that BGE Is Directly Liable for Calls Made to His Cellular Telephone.

A defendant cannot be held directly liable for a TCPA violation unless it "initiates the offending call." *Rogers*, 2020 WL 4582689, at *3. The Federal Communications Commission ("FCC") has clarified that a person "initiates" a call "when it takes the steps necessary to physically place a telephone call." *Id*. *See also Lucas v. Telemarketer Calling from (407) 476-5680*, No. 18-3633, 2019 WL 3021233, *5 (6th Cir. 2019). Here, the Complaint contains no specific factual allegations that could plausibly demonstrate that BGE initiated any call to Plaintiff. Indeed, the Complaint seeks to establish that it was not BGE who placed the call to Plaintiff's cell phone, but National Gas & Electric. Courts throughout the Sixth Circuit "have routinely found no direct liability when the [defendant] itself did not place the offending phone call." *Rogers*, 2020 WL 4582689, at *3 (citing numerous cases). As a result, Plaintiff has failed to plausibly plead that BGE can be held directly liable for the calls at issue.

### 2. Plaintiff Does Not Sufficiently Allege that BGE Is Vicariously Liable for Calls Made to His Cellular Telephone.

A defendant can be held vicariously liable for TCPA violations committed by a third party under federal common law agency principles, authority or ratification. *Rogers*, 2020 WL 4582689. However, numerous courts in this Circuit have dismissed TCPA claims where, as here, the plaintiff "fails to allege

16

sufficient facts demonstrating liability for the actions of third parties." *See, e.g.,* ***Chambers v. Nationwide Mut. Ins. Co.***, No. 1:19-CV-02601-JRA, 2020 WL 2475354, at *1 (N.D. Ohio May 13, 2020) (citing cases); ***Kern v. VIP Travel Servs.***, No. 1:16-CV-00008-JTN, 2017 WL 1905868 (W.D. Mich. May 10, 2017) (granting motion to dismiss TCPA claim where non-resident defendant took no action in Michigan, and lawsuit was predicated on telephone calls made by a third party).

Even accepting Plaintiff's allegations as true, he fails to plausibly state a claim for vicarious liability under the TCPA. The closest Plaintiff comes is by alleging that, when calling his cell phone, National Gas & Electric employees said they were calling "as an 'authorized supplier behalf [sic] of Baltimore Gas and Electric."[44] In reality, however, BGE has no "authorized suppliers" who make solicitation calls on its behalf.[45] To the contrary, any retail gas or electricity supplier in the business of soliciting consumers is – by definition – soliciting those customers ***away from*** BGE's default supply service. Plaintiff implicitly recognizes this reality when he alleges that National Gas & Electric employees stated, "you know, why don't you just switch to us and we can make the calls stop" or were "unclear if Plaintiff was eligible to switch his energy supplier."[46] As the regulated utility in the Baltimore area, BGE is the default supplier of energy to customers within its service territory. The only entities with any incentive to have consumers "switch" are retail energy suppliers like National Gas & Electric.

---

[44] Compl. ¶ 24. While this allegation must be accepted as true for the purposes of the 12(b)(6) portion of BGE's Motion to Dismiss, it is contradicted by the evidence produced by Plaintiff. In one of two recorded telephone conversations, the caller identifies herself as Lola and clearly states that the call is being made on behalf of National Gas and Electric, with no mention of BGE at any point during the call. Corse Decl. ¶ 42.

[45] Corse Decl. ¶ 32.

[46] Compl. ¶¶ 17, 23.

17

It makes no sense that BGE would authorize National Gas & Electric – or any other retail gas or electricity supplier – to contact consumers for the purpose of encouraging them to "switch" energy suppliers away from BGE to the retail supplier. Plaintiff has failed to plausibly plead any facts to support his claims on a vicarious liability theory or even create an inference of agency based on an alleged benefit to BGE arising from the alleged calls. *Compare **Cunningham***, 2019 WL 2519568 (plaintiff sufficiently plead vicarious liability by alleging "an unlawful telemarketing scheme the end result of which is the generation of business for Americo," the alleged principal); ***Rogers***, 2020 WL 4582689 (motion to dismiss denied where third party telemarketer directed consumers to defendant's website to purchase automotive extended warranties), *with **Lucas v. DeSilva Auto. Servs.***, No. 1:16-CV-00790-MRB, 2018 WL 2020744, at *9 (S.D. Ohio May 1, 2018), *adopted*, No. 1:16-CV-00790-MRB, 2019 WL 1440458 (S.D. Ohio Mar. 31, 2019) (no vicarious liability where defendant presented unrebutted testimony that it had never done business with entity that placed call); ***Keating***, 615 F. App'x 365 (same where third party sent text messages "without the knowledge or acquiescence of" defendant).

All Plaintiff has done is lump both of the Defendants together, while failing to plead plausible factual content that would allow this Court to draw a reasonable inference that BGE is liable for the misconduct alleged. *See **Reo***, 2016 WL 1109042, *3. In ***Reo***, this Court found that merely alleging generally that two defendants made a number of calls, without alleging facts that showed the first defendant "had any power to give interim instructions or otherwise had any control over the performance of" the entity that actually made the calls was insufficient to survive a motion to dismiss. *Id*. at *5 (granting Rule 12(b)(6) motion "for failure to adequately plead any agency theory supporting vicarious liability"). The same is true here, as Plaintiff has failed to allege that BGE controlled or directed the conduct of National Gas & Electric. *See also **Seri***, 2016 WL 5405257, at *4 (granting motion to dismiss where "nothing in the facts actively supports the inference that CrossCountry made

any phone calls," "that any call involved a CrossCountry operator or telemarketer or that any speaker identified him- or herself as affiliated with CrossCountry," that "any of the numbers [from which the calls originated] is associated with CrossCountry" or "that CrossCountry products or services were offered for sale during any phone calls").

**C.    Plaintiff's State Law Claims Also Fail.**

Plaintiff's state law claims should be dismissed for the same reasons as his TCPA claim – *i.e.*, Plaintiff has failed to raise a reasonable inference that BGE is either directly or vicariously liable for the misconduct alleged. The Ohio CSPA (O.R.C. § 1345.01, *et seq.*);[47] TSSA (O.R.C. § 4719.01, *et seq.*); civil damages statute (O.R.C. § 2307.60); and Ohio common law all require Plaintiff to allege facts sufficient to show that BGE directly engaged in misconduct or can be held vicariously liable for the misconduct of another person under a viable theory of agency, authority or ratification. Plaintiff cannot meet this prima facie burden with regard to any of his state law claims, and they are subject to dismissal.

**IV.    <u>Conclusion</u>**

For all these reasons, BGE moves for dismissal of Plaintiff's Complaint in its entirety.

---

[47] In addition, Plaintiff's claims under the Ohio CSPA fail as a matter of law, because transactions between a utility or retail energy supplier and its customers are excluded from the scope of "consumer transactions" covered by the statute. *See* O.R.C. 1345.01(A); ***Saks v. E. Ohio Gas Co.***, 2012-Ohio-2637, 971 N.E.2d 498 (8th Dist. 2012); ***Lucas v. Telemarketer Calling From (407) 476-5670***, No. 1:12-CV-00630-MRB, 2014 WL 1119594, at *13 (S.D. Ohio Mar. 20, 2014).

19

Respectfully submitted,

/s/ Rachael L. Israel

Rachael L. Israel (0072772)
Karen L. Giffen (0042663)
GIFFEN & KAMINSKI, LLC
1300 East Ninth Street, Suite 1600
Cleveland, Ohio 44114
Telephone:     216-621-5161
Facsimile:     216-621-2399
E-Mail:        risrael@thinkgk.com
               kgiffen@thinkgk.com

**Counsel for Defendant Baltimore Gas and Electric Company**

20

## CERTIFICATE OF SERVICE

I hereby certify that, on this 30th day of March, 2021, a copy of the foregoing *Motion to Dismiss* was served upon the following via operation of the Court's electronic filing system:

Bryan Anthony Reo
7143 Rippling Brook Lane
Mentor, Ohio 44060
reo@reolaw.org

***Pro Se Plaintiff***

/s/ Rachael L. Israel
**Counsel for Defendant Baltimore Gas and Electric Company**

21