IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRYAN ANTHONY REO, | CASE NO. 1:21 CV 496 |
| Plaintiff, | JUDGE DONALD C. NUGENT |
| v. | |
| | **MEMORANDUM OF OPINION** |
| NATIONAL GAS | |
| & ELECTRIC, LLC, *et al.*, | |
| Defendants. | |

This action was removed from the Lake County Court of Common Pleas by Defendant Baltimore Gas & Electric ("BGE"). Plaintiff Bryan Anthony Reo brings this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, the Ohio Telephone Solicitation Sales Act, Ohio Rev. Code § 4719.01, and Ohio Civil Action for Damages for Criminal Act, 2307.60 against National Gas & Electric, LLC and BGE. In the Complaint, he alleges he received unwanted telephone solicitation calls from National Gas & Electric to a cellular telephone number he registered with the "Do Not Call" registry. Plaintiff dismissed National Gas & Electric from this action, leaving BGE as the sole Defendant.

BGE filed a Motion to Dismiss pursuant to Federal Civil Procedure Rules 12(b)(2) and 12(b)(6). (Doc. No. 7). First, BGE contends Plaintiff has not established this Court's personal jurisdiction over them. They are incorporated in Maryland and have their principal place of business in Baltimore. They provide utility services to over a million customers in central

Maryland. BGE states that they have no customers in Ohio. Moreover, BGE states that it has not made telephone solicitations calls to Plaintiff, or anyone in Ohio nor has it authorized any entity to do so on its behalf. They contend they lack minimum contacts with Ohio that would subject them suit in this jurisdiction. In addition, BGE also claims Plaintiff's allegations against them are conclusory, at best, and do not link them to the telephone solicitation. They contend Plaintiff fails to state a claim upon which relief may be granted.

## Factual and Procedural Background

Plaintiff alleges he received fourteen unsolicited telephone calls from a telemarketer who indicated he or she was calling on behalf of National Gas & Electric, an authorized supplier for BGE. He contends these calls were placed through an automated telephone dialing system to his cellular telephone. He indicates he received these unwanted calls over a six day period in January 2021, with an average of two to three calls being placed per day. During one of these calls, Plaintiff was told the unwanted calls would stop if he agreed to switch utility providers. He alleges the telemarketer eventually told him that the calls would stop because it appeared he would not be eligible for their services. Plaintiff asserts that these actions violate the Telephone Consumer Protection Act, 47 U.S.C. § 227 and other Ohio statutes. He seeks monetary damages and injunctive relief.

## Standard of Review

A district court may dismiss a Complaint for lack of personal jurisdiction upon Motion of a party. Fed.R.Civ.P. 12(b)(2). In response to such a Motion, the Plaintiff bears the burden of proving that the Court's exercise of personal jurisdiction is proper by a preponderance of the evidence. *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989). In the

face of a properly supported Motion to Dismiss, the Plaintiff may not stand on his pleadings, but must, "by affidavit or otherwise, set forth the specific facts showing that the Court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). The Plaintiff meets the burden if he or she makes a *prima facie* showing that personal jurisdiction exists. *Schneider v. Hardesty*, 669 F.3d 693, 697 (6th Cir. 2012) (internal quotation marks omitted). A *prima facie* showing is made by establishing with reasonable particularity sufficient contacts between the Defendant and the forum state to support jurisdiction. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). When the Court elects to rule on the written submissions, rather than holding an evidentiary hearing, it may not consider facts proffered by the Defendant that conflict with those offered by the Plaintiff. *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir.1989). *See Malone v. Stanley Black & Decker, Inc.*, 965 F.3d 499, 505 (6th Cir. 2020) ("Although Rexon provided an affidavit that in some ways cut against jurisdiction, the district court's choice [to resolve the Motion on written submissions] made that affidavit irrelevant."). The Court must view the submissions it considers in the light most favorable to the Plaintiff. *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721-22 (6th Cir. 2000).

In addition, although Plaintiff is proceeding *pro se*, he is, in fact a licensed attorney who practices law in the State of Ohio. His pleadings therefore are not entitled to the liberal construction accorded to *pro se* litigants who are not trained in the law.

### Discussion

Federal courts first apply the law of the forum state when determining whether personal jurisdiction exists. *Mid-West Materials, Inc. v. Tougher Indus., Inc.*, 484 F. Supp. 2d 726, 729 (N.D. Ohio 2007) (citing *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003), in turn citing

*Neogen Corp.*, 282 F.3d at 887-88). In this case, Plaintiff must show that this Court has personal jurisdiction over PGE under Ohio's Long Arm Statute. In addition, the Court's exercise of personal jurisdiction must comport to with Due Process Clause of the United States Constitution. *Conn v. Zakharov*, 667 F.3d 705, 712 (6th Cir. 2012). Ohio's Long-Arm statute is not coterminous with the Due Process Clause, and therefore Plaintiff must demonstrate that this Court has personal jurisdiction over PGE under both the Ohio Long Arm Statute and the Due Process Clause.

### A. The Ohio Long-Arm Statute, O.R.C. § 2307.382

Under Ohio's Long-Arm Statute, a Court has jurisdiction over a non-resident Defendant, if the Defendant meets at least one of the listed criteria. *Kroger Co. v. Malease Foods Corp.*, 437 F.3d 506, 510 (6th Cir. 2006). Ohio's Long-Arm Statute, provides in pertinent part:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
>
> (1) Transacting any business in this state;
> (2) Contracting to supply services or goods in this state;
> (3) Causing tortious injury by an act or omission in this state;
> (4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
> * * *
> (6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state.

Ohio Rev Code § 2307.382(A).

The Long Arm Statute requires Plaintiff to show that BGE transacted business in Ohio, contracted to supply services in Ohio, regularly did business in Ohio or regularly solicited business in Ohio. None of Plaintiff's allegations suggest any of these criteria were met. At best, the allegations suggest National Gas & Electric solicited business from an Ohio resident through a telemarketer. There are no facts, however, suggesting the actions of National Gas & Electric can be imputed to BGE, even assuming that National Gas & Electric is one of BGE's authorized suppliers. The allegations in the Complaint do not meet the Long Arm Statute criteria to exercise personal jurisdiction over BGE.

**B. Due Process**

Even if Plaintiff had met the criteria for personal jurisdiction under the Ohio Long Arm Statute, he failed to establish personal jurisdiction under the Due Process Clause. In order to survive BGE's Motion to Dismiss, Plaintiff must present a *prima facie* case that this Court's exercise of personal jurisdiction would not offend due process. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir.1996). To do this, Plaintiff must establish with reasonable particularity sufficient "minimum contacts" with Ohio so that the exercise of jurisdiction over BGE would not offend "traditional notions of fair play and substantial justice." *Int'l Shoe v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Neogen Corp.*, 282 F.3d at 889.

The minimum contacts requirement is met if BGE "purposely avail[ed] itself of the privilege of conducting activities within the ... State [of Ohio]." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). "Purposeful availment," is present where the Defendant's contacts with the forum state "proximately result from actions by the Defendant

himself that create a 'substantial connection' with the forum State," *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (emphasis in original), and where the Defendant's conduct and connection with the forum are such that he " 'should reasonably anticipate being haled into court there.' " *Id.* at 474, 105 S.Ct. 2174 (quoting *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)). This purposeful availment requirement ensures that a Defendant will not be brought into a court's jurisdiction "solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.' " *Burger King Corp.*, 471 U.S. at 475, 105 S.Ct. 2174 (internal citation omitted).

There are two types of personal jurisdiction under the Due Process Clause, general and specific, either one of which is adequate to confer jurisdiction. *Conn v. Zakharov*, 667 F.3d 705, 712 (6th Cir. 2012). Typically, a corporation's place of incorporation and the principal place of business are the basis for general jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 134 S.Ct. 746, 754, 187 L.Ed.2d 624 (2014). The question is not merely whether the Defendant possesses 'continuous and systematic' contacts but rather whether those contacts "render [it] essentially at home." *Id.* at 139, 134 S.Ct. at 761. Therefore, for general jurisdiction to exist in the forum state, the corporation must be incorporated there, operate its principal place of business in the state, or have such "continuous and systematic" contacts that the corporation is "essentially at home." *Id.* Here, BGE is not incorporated in the State of Ohio nor does it maintain its principal place of business in Ohio. Plaintiff alleges that BGE maintains a registered agent in the State of Ohio. This, however, is not sufficiently continuous or systematic contact to render it "at home" in Ohio. Plaintiff does not allege facts suggesting this Court has general jurisdiction over BGE.

Specific jurisdiction refers to jurisdiction over claims arising from or related to a Defendant's contacts with the forum State. *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005). The Sixth Circuit has identified three criteria for specific jurisdiction. First, the Defendant must purposefully avail himself of the privilege of acting in the forum State. Second, the cause of action must arise from the Defendant's activities there. Finally, the acts of the Defendant or consequences caused by the Defendant must have a substantial enough connection with the forum State to make the exercise of jurisdiction over the Defendant reasonable. *Id.* (quoting *Southern Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)). Failure to meet any one of the three prongs means that personal jurisdiction may not be invoked. *Alisoglu v. Central States Thermo King of Oklahoma, Inc.*, No. 12 CV 10230, 2012 WL 1666426, at *5 (E.D. Mich. May 11, 2012) (citing *Lak, Inc. v. Deer Creek Enter.*, 885 F.2d 1293, 1303 (6th Cir. 1989)).

Plaintiff has not established specific jurisdiction over BGE. The facts of the Complaint do not suggest BGE purposefully availed themselves of the privilege of acting in the State of Ohio. Plaintiff's causes of action are based on the statements of a telemarketer. Those statements, alone, suggest only that the telemarketer was an agent of National Gas & Electric. They do not suggest either that the telemarketer or National Gas & Electric was an agent of BGE. National Gas & Electric is one of the authorized supplier of BGE. Plaintiff does not allege facts to indicate any corporate relationship between BGE and National Gas & Electric that would give BGE input or decision-making authority over National Gas & Electric's marketing decisions. Furthermore, the only allegation that connects BGE directly to Ohio is that the corporation maintains a statutory agent through the Ohio Secretary of State. The cause of action in this case,

however, did not arise from BGE's maintenance of a statutory agent. Finally, even if the mention of BGE's name by the telemarketer could be considered contact with Ohio, it was truly attenuated and the result of the "'unilateral activity of another party or a third person.'" *Burger King Corp.*, 471 U.S. at 475, 105 S.Ct. 2174. There are no allegations in the Complaint that suggest this Court could exercise specific jurisdiction over BGE. Plaintiff has not established a *prima facie* case for personal jurisdiction over PGE.

Finally, even if Plaintiff had established this Court's personal jurisdiction over PGE, Plaintiff failed to state a claim against PGE upon which relief may be granted. When deciding a Motion to Dismiss under Federal Civil Rule 12(b)(6), the function of the Court is to test the legal sufficiency of the Complaint. *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993). The Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and recently in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009) clarified the law regarding what the Plaintiff must plead in order to survive a Motion to Dismiss under Rule 12(b)(6).

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555. The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the

Complaint are true." *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court in *Iqbal*, 556 U.S. at 677-678 , further explains the "plausibility" requirement, stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The Sixth Circuit has held that a court may consider allegations contained in the Complaint, as well as exhibits attached to or otherwise incorporated in the Complaint, all without converting a Motion to Dismiss to a Motion for Summary Judgment. FED. R. CIV. P. 10(c); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

Plaintiff's sole connection of PGE to the offending telemarketer call is the caller's statement that he or she was calling on behalf of National Gas & Electric, an authorized supplier of PGE. PGE explains that National Gas & Electric is one of 98 corporations who are authorized to supply gas and/or electricity to BGE customers in Maryland. They further explain that authorization simply means they are licensed by the Maryland Public Services Commission and registered with BGE. There are no allegations that suggest BGE is involved in any way with the marketing strategies of National Gas & Electric, or that they were aware of and approve the use of its name in the telemarketer's greeting. Therefore the telemarketer's statement that he or she was calling on behalf of National Gas & Electric, suggests only that National Gas & Electric may

have an agency relationship with the telemarketer who generated an automated call to a number on the "Do Not Call" Registry. There is no basis upon which this Court can draw a reasonable inference that PGE has an agency relationship with the telemarketer through National Gas & Electrc or that PGE in anyway violated federal or state law. Plaintiff fails to state a plausible claim for relief against PGE.

## Conclusion

Accordingly, Defendant's Motion to Dismiss (Doc No. 7) is granted and this action is dismissed pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: July 16, 2021

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.